**VICKERS v. HUGHES (TURNER, Intervener).** *
**No. 5007.**

Court of Appeal of Louisiana.
Second Circuit.
April 1, 1935.

Watkins & Watkins, of Minden, for appellant.

John T. Campbell, of Minden, for appellee.

TALIAFERRO, Judge.

The sole question at issue in this case is whether plaintiff, chattel mortgage holder, or third opponent, lessor, is entitled to be paid by preference the proceeds of sale of chattels of defendant, purchased by him from plaintiff and used for several years in the building of third opponent.

Third opponent contends that the chattels were purchased and placed in his building by defendant prior to the execution and filing of the chattel mortgage given plaintiff to secure the unpaid part of the purchase price thereof. Plaintiff controverts this position, and further pleads that third opponent orally expressly waived the lessor's lien and privilege in favor of the chattel mortgage on such part of said chattels as were carried into the leased premises prior to filing the mortgage.

We are satisfied 'from the evidence in the case that only a small portion of the chattels were unloaded into the leased premises before the chattel mortgage was filed. Therefore the lessor's privilege on the chattels placed in the building after the mortgage was filed was subordinate in rank to the effect of the chattel mortgage. The record does not disclose the identity of the chattels first placed in the building. The entirety of the mortgaged property was sold in mass under the mortgage and bought in by third opponent. No separate appraisement was asked by him of that part thereof placed in his building before the mortgage was filed. It follows, as a legal result, that his privilege thereon was lost by allowing the affected goods to be sold in mass with goods not so affected. It is therefore unnecessary to decide whether third opponent waived the lessor's privilege in favor of the chattel mortgage.

In brief, counsel for third opponent advances the belated contention that the de-

scription of the property in the chattel mortgage is so vague and indefinite that it cannot be identified therefrom. This question was not raised by the pleadings. It is established, however, that the chattels described in the act of mortgage were placed in the leased premises, and are the same as were seized and sold by the sheriff under foreclosure of the mortgage. Third opponent purchased all of the property when sold by the sheriff. Under these circumstances, he cannot now be heard to raised this belated issue.

The lower court decided the issue discussed in favor of plaintiff. Third opponent appealed. We are of the opinion the judgment is correct. It is affirmed, with costs.